IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**AQUILLA BROWN,**

    Petitioner,

v.                         **CIVIL ACTION NO.: 3:24-CV-85 (GROH)**

**H.L. RAY,**

    Respondent.

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on October 3, 2024. ECF No. 16. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petition with prejudice. The Petitioner timely filed objections. ECF Nos. 18 & 20. The Respondent filed a response to the Objections. ECF No. 21. Petitioner also filed a response to the Respondent's response. ECF No. 22. Accordingly, this matter is ripe for the Court's review.

### I. BACKGROUND

On July 12, 2024, the Petitioner filed a § 2241 Petition. ECF No. 1. The Petitioner claims that the BOP "is unlawfully withholding days earned under the FSA by creating

policy contrary to law." ECF No. 1 at 10. Judge Trumble Ordered the Respondent to show cause why the Petition should not be granted on July 17, 2024. ECF No. 5. The Respondent filed a Motion to Dismiss or for Summary Judgment on July 26, 2024. ECF No. 7. After a Roseboro Notice was issued by Judge Trumble, the Petitioner filed a response to the Respondent's Motion. ECF No. 13. Upon reviewing the record, the Court finds that the background and facts as explained in the R&R appropriately describe the circumstances underlying the Petitioner's claims. Further, the Petitioner only objected to the R&R's Analysis section. Thus, the Court incorporates those facts herein by reference.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation

3

whatsoever is required of the district court when adopting an R&R). It has also explained that when objections are "not specific to the particularized legal recommendations made by the magistrate judge, . . . appellate review is foreclosed." Rosa-Sanchez v. Ray, No. 24-6802, 2024 WL 5232912, at *1 (4th Cir. Dec. 27, 2024).

### III. DISCUSSION

The Court has thoroughly reviewed the Petitioner's objections along with the entire Court file in this case. The Court finds that the Petitioner's objections are not adequately specific. Although the Petitioner says he "objects to Analysis A and B or the Report and Recommendation," these subsections make up the entire analysis section. In other words, the Petitioner has advanced a blanket objection to the entire analysis section.

Further, the Court finds the objections present no new material facts or arguments. Indeed, the Respondent filed a response to the objections, noting that he has merely reiterated "one of the same arguments Petitioner already raised in both his original Petition and in his Response to Respondent's Motion to Dismiss . . . . Petitioner's objection raises no new argument." ECF No. 21 at 1.

Critically, the Petitioner has not offered any compelling legal argument to rebut the Respondent's argument and R&R's analysis that prisoners may earn credits that they are not eligible to have applied to their sentences under 18 U.S.C. § 3624(g). The Petitioner offers no persuasive argument or legal support to counter the numerous cases cited in the R&R for this proposition.

The Magistrate Judge provided a thorough and detailed analysis explaining why the Petitioner is not entitled to the relief he seeks, and to the extent Petitioner reiterates the same arguments, the Undersigned adopts the R&R's findings and analysis and rejects

the Petitioner's objections. It is clear to this Court that the Petitioner is not eligible to have time credits applied at this time because his PATTERN score has been consistently assessed as a high risk of recidivism.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Respondent's Motion to Dismiss [ECF No. 7] is **GRANTED** and the Petitioner's § 2241 Petition is **DISMISSED WITH PREJUDICE**. ECF No. 1.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner, by certified mail, at his last known address as reflected upon the docket sheet, and to transmit copies to all counsel of record herein. This case is **ORDERED STRICKEN** from the Court's active docket.

**DATED:** February 3, 2025

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE